"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER F. RAMIREZ, ) | Case No. ED CV 05-190 AN |
| Plaintiff, ) | MEMORANDUM AND ORDER |
| v. ) | |
| JO ANNE B. BARNHART, ) COMMISSIONER OF THE SOCIAL ) SECURITY ADMINISTRATION, ) | |
| Defendant. ) | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for supplemental security income childhood disability benefits ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

Plaintiff was found to be disabled and eligible for childhood SSI benefits on January 22, 2001, with an onset date of June 1, 2000, due to borderline intellectual functioning. [Administrative Record ("AR") at 11, 20, 24.] Plaintiff turned 18 years old

Page 1

on April 24, 2002, and her disability was found to have ceased effective March 1, 2004. [AR at 11, 32-35.] In June 2004, the State Agency affirmed the cessation of Plaintiff's benefits. [AR at 21-29.] After an administrative hearing, the Administrative Law Judge ("ALJ") issued a final decision finding Plaintiff not disabled. [AR at 10-14.] Plaintiff's request for review was denied by the Appeals Council on January 10, 2005. [AR at 3-5.] Plaintiff has stipulated that the decision of the ALJ fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions.

In the JS, Plaintiff contends the ALJ erred by: (1) failing to properly develop the record; (2) failing to give proper consideration to the opinion of the State Agency reviewing physician, H. Amado, M.D.; and (3) posing an incomplete hypothetical question to the vocational expert ("VE"). The Commissioner disagrees.

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed by the Commissioner in her portions of the JS and the following reasons.

**1.      Failure to Develop the Record**

Plaintiff contends that the record was inadequately developed because it did not contain her SSI application or documentation that supports and explains the original finding of disability. [Joint Stipulation, p. 17; AR 184.] Plaintiff's claim is not persuasive. First, the record makes clear that Plaintiff was originally awarded benefits based on borderline intellectual functioning. [AR at 10, 14, 36.] While the record does not contain Plaintiff's earlier medical records or SSI application, the medical improvement standard does not apply in redetermination cases for children attaining the age of 18 years. *See* 20 C.F.R. § 416.987; Pub. L. No. 104-193 § 2212(b).[1/] The ALJ's

---

[1/]     Although the ALJ referred to the medical improvement standard in his decision, the ALJ employed the correct standard in evaluating Plaintiff's eligibility for benefits. [AR at 12-13.] The ALJ's mention of the medical improvement standard is not a reason to remand in this case. *See, e.g., Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead
(continued...)

decision in this case properly included a step-by-step adult analysis which included a detailed assessment of why Plaintiff was no longer eligible for benefits. The February 2004 report from consultative psychiatric examiner Kim Goldman, Ph.D. revealed that Plaintiff's borderline intellectual functioning caused mild to moderate difficulties in concentration, persistence and pace, but he found that Plaintiff was capable of understanding, carrying out and remembering simple instructions. [AR at 11-12, 130.] Similarly, the state agency medical consultant H. Amado, M.D. found that Plaintiff would be able to perform simple, repetitive tasks. [AR at 133.] The reports of the examining and reviewing physicians provide substantial evidence in support of the ALJ's conclusion that Plaintiff was no longer disabled. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Thus, the record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)(An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence).

### 2. State Agency Physician

Plaintiff contends the ALJ erred by failing to discuss Dr. Amado's opinion that Plaintiff was moderately limited in the following areas: the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to make simple work-related decisions; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and the ability to respond appropriately to changes in the work setting. [AR at 131-32.]

The ALJ did not specifically address each restriction identified by Dr. Amado but

---

[1]/ (...continued)
to a different decision.")

his assessment of Plaintiff's mental residual functional capacity was specifically consistent with Dr. Amado's evaluation. The ALJ found that Plaintiff was limited to performing routine and repetitive, entry level, minimally stressful work, requiring no contact with the general public and requiring only superficial interpersonal contact. [AR at 12.] Moreover, as noted above, Dr. Amado concluded that Plaintiff retained the ability to perform simple, repetitive tasks. [AR at 133]. Thus, the ALJ did not err in his consideration of Dr. Amado's opinion. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)(an ALJ is not required to discuss all evidence presented, but must only explain why significant, probative evidence is rejected).

### 3. Hypothetical Question

Plaintiff argues that the ALJ posed incomplete hypothetical questions to the VE because he did not incorporate the limitations assessed by Dr. Amado. As stated above, however, the ALJ properly accounted for Dr. Amado's findings in Plaintiff's mental residual functional capacity assessment. Because the ALJ's hypothetical to the VE included all of the limitations the ALJ found to exist, the VE's testimony that Plaintiff could perform other work was supported by substantial evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989)(hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations the ALJ finds to exist); *Martinez v. Heckler*, 807 F.2d 771, 773-74 (9th Cir. 1986)(explaining that the ALJ is "free to accept or reject these restrictions . . . as long as they are supported by substantial evidence").

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III. CONCLUSION

Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: January 6, 2006         /s/ Arthur Nakazato
                                ARTHUR NAKAZATO
                                UNITED STATES MAGISTRATE JUDGE